Moreover, as the dissenting Justice observed, "[t]he police in this case were at a loss during the suppression hearing to articulate specific evidence or information that led them to act. Instead, the generic explanations, offered in relation to why they were clearing the rooms, were 'to make sure that ... nothing is moved, no evidence, nothing is taken out'; and 'to prevent anybody from going [back] in and destroying evidence or whatever.' " Owens, 92 Mass. App. Ct. at 206, 82 N.E.3d 1093 (Henry, J., dissenting). These generic explanations -- the only references in the testimony to the possible loss or destruction of evidence -- do not amount to "specific information supporting an objectively reasonable belief that evidence will indeed be removed or destroyed," as required by DeJesus, 439 Mass. at 621, 790 N.E.2d 231 (emphasis added). Of course, the potential loss or destruction of evidence can constitute an exigent circumstance justifying a warrantless entry and search, see id. at 620, 790 N.E.2d 231, but only if the Commonwealth proves that the officers' belief was objectively reasonable and supported by specific information. On the record before us, there was an insufficient basis to believe that evidence would be lost or destroyed. The motion to suppress was properly allowed.
Order allowing motion to suppress affirmed.